UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAY GLENN,
Plaintiff,

v.                                                               Case No. 1:16-cv-02498-RCL

THOMAS FORTUNE FAY,
FAY LAW GROUP, P.A.,
STEVEN R. PERLES, and
PERLES LAW FIRM, P.C.,
Defendants.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT, OF DEFENDANTS THOMAS
FORTUNE FAY AND FAY LAW GROUP, P.A.

**I. Introduction**

In December this Court, *sua sponte*, discretionarily declined to entertain the same claims Mr. Glenn asserts here. *Glenn v. Fay, et al.*, Case 1:16-cv-01452-RCL, ECF Documents 16 (Memorandum Opinion), pp. 9-10; 17 (Order) (December 6, 2016)(*Glenn I*). In *Glenn I* Mr. Glenn sought declaratory relief for Defendants' alleged breach of a contract to pay attorney fees; here (*Glenn II*) Mr. Glenn seeks money damages. Mr. Glenn's claims are barred by the statute of limitations.

The statute of limitations was raised but not decided in *Glenn I*. Mr. Glenn has deemed *Glenn I* related to this case and Defendants ask that the Court take judicial notice of documents filed in that case and in a prior case involving the same claims and the same parties, *Glenn v. Fay,* Case No. 1: 10-cv:-08287 (SD NY) ("*Glenn NY*")). Glenn

1

*NY* was discussed by this Court in *Glenn I*. Memorandum Opinion, Doc.17 at 2-3

Such notice is appropriate when considering a motion to dismiss, *Alston v. Johnson,* No. 14-CV-1888 (TSC), 2016 WL 5349201, at *2–3 (D.D.C. Sept. 23, 2016); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 and n. 9 (D.C. Cir. 1979)(citing 5 C. Wright & A. Miller, Federal Practice, § 1357, 593 (1969)). Notice is especially appropriate here to avoid a deficient claim surviving a motion to dismiss because of artful pleading. *Alston, supra,* at 2-3. The current pleading omits the date, 2010, of repudiation of the contract under which Mr. Glenn claims, *compare* Complaint, Doc.1, para. 3, and Complaint in *Glenn I*, *supra*, Doc.1, para. 3, and recites nothing from *Glenn NY*. Uncontestable facts – what was pleaded in those cases — are the predicate for this motion. *See* Memorandum Opinion in *Glenn I*, *supra*, Doc.17 at 2-3. To any extent the Court believes cited documents are not permissibly considered in a motion to dismiss, Defendants ask that it exercise its discretion to convert Defendants' motion to one for summary judgment. *Id*.

Defendant Fay Law Group, P.A., raises one distinct issue: Mr. Glenn has pleaded no facts to support his asserted naked legal conclusion, "Fay Law Group is a successor to and is responsible for debts incurred by" the partnership with whom Mr. Glenn had contracted. Complaint, Doc. 1, para. 8. That conclusion is necessary to his claim of liability against the Fay Law Group but does not meet the requirements of Fed.R.Civ.Proc. 8.

## II. Argument

### A. Mr. Glenn's claim for breach of contract is time-barred.

Mr. Glenn asserts here the same claims he asserted in *Glenn I*: that Defendants

have breached a contract with him and owe him attorney fees for work done in the case of *Peterson v. Islamic Republic of Iran*, Case Nos. 0l-cv-2094, 01-cv-268, there seeking a declaratory judgment, here seeking money damages.  Complaint, §§ 1-3; Memorandum Opinion in *Glenn I*, *supra*, Doc. 17 at 2-3.  In *Glenn I* Mr. Glenn pleaded that the Defendants repudiated his contract in 2010, *id*. at 3; *compare* Complaint, §3 (re-asserting repudiation, but omitting date).  This Court noted that Glenn previously had sought relief for the repudiation in the United Stated District Court for the Southern District of New York, *Glenn v. Fay*, Case No. 1: 10-cv:-08287 ("*Glenn NY*").  *Glenn I*, *supra*, Doc.17 at 3. In that case Mr. Glenn characterized the claim as "Breach of contract to pay attorneys fees," and checked code 190, "Other Contract," on the civil cover sheet accompanying his original filing. Certified copy Attached as Exhibit A.  He pleaded that Defendants Fay and Perles "anticipatorily breached their agreement to pay" legal fees to Glenn.  Certified copy attached at Exhibit B.

Under applicable District of Columbia law[1], when his contract was repudiated in 2010, Mr. Glenn had the option of electing to treat repudiation as a breach and seeking relief immediately or of waiting until the executory agreement was fully performed and subsequently bringing any claim for breach.  *Eastbanc, Inc. v. Georgetown Park Associates II, L.P.*, 940 A.2d 996, 1007-08 (D.C. 2008).   In 2010 Mr. Glenn sued the parties here, characterizing his claim as for breach of contract.  Exhibit A.  He alleged the same breach of the same contract at issue here and sought declaratory and injunctive relief, whereas here he seeks money damages.  *Compare*

---

[1] District of Columbia law is applicable as the law of the forum, but also as designated by the contract under which Glenn claims entitlement. *Glenn II*, Doc. 1-1, at 3.

Exhibit B, Complaint in *Glenn NY, supra,* and Complaint, Doc. 1. *See* Amended Complaint in *Glenn NY* (Doc. 18 in that case, on file as Document 7-3 in *Glenn I*).

Glenn's filing suit on these claims in 2010 – regardless of the disposition of the claims – establishes that Mr. Glenn, in 2010, chose to treat the repudiation as breach.[2] *Eastbanc, Inc. supra,* 940 A.2d, 1008 ("One method of manifesting [] an election is to file an action for breach of contract.") (citing 23 Williston & Lord § 63:55, at 666).   Mr. Glenn characterized the claims in *Glenn NY* as being for breach of contract and specifically pleaded that his contract had been anticipatorily breached.  Under *Eastbanc*, *Inc., supra,* 940 A.2d, 1008-09, Mr. Glenn's election triggered the running of the statute of limitation, as any cause of action for breach of contract accrued in 2010.  Upon his claims having been dismissed for lack of jurisdiction and venue, Glenn *NY,* Doc. 32, Mr. Glenn's proper course was to have brought his claims in a proper forum and to do so within the three-year statute of limitations. D.C. Code Ann. § 12-301(7)(contract), 8 (catchall).  His current filing in this Court, six years later, is clearly time-barred.

**B.  Mr. Glenn's claim in quantum meruit is time-barred**.

Mr. Glenn here asserts, in addition to the breach of contract claim also asserted in *Glenn 1*, a claim in quantum meruit.   That is of no moment, as D.C. law "clearly shows" that "that if a legal claim is barred by the statute of limitations then its counterpart in equity is also barred. " *Union Labor Life Ins. Co. v. Sheet Metal*

---

[2] Mr. Glenn's case in New York was dismissed for lack of jurisdiction and for improper venue.  *Glenn v. Fay*, Case No. 1:10-cv-08287-WHP, Doc. 32.  Defendants cite the pleadings as evidence of the election made, not for any preclusive effect.   Mr. Glenn should be judicially estopped from denying that he did not make an election.  *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 798 (D.C. Cir. 2010).

4

*Workers Nat. Health Plan*, 1991 WL 212232, at *5 (D.D.C. Sept. 30, 1991) (dismissing quantum meruit claim when breach of contract claim was barred); *Braude & Margulies, P.C. v. Fireman's Fund Ins. Co.*, 468 F. Supp. 2d 190, n. 4 (D.D.C. 2007)(same).

**C. Mr. Glenn fails to plead any cognizable claim against Fay Law Group, P.A.**

Mr. Glenn's primary claim is that a law partnership, Fay & Perles, and its principals, owe him money for breach of contract. His sole allegation against Fay Law Group, P.A., is the naked assertion that it "is a successor to and is responsible for debts incurred by Fay & Perles." Complaint, para. 8. The assertion is a conclusion of law, not a statement of fact, and no facts are pleaded from which the conclusion plausibly could be made. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)(a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'")(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955 (2007)).

Allegations containing much greater factual content were deemed too conclusory in *Tracy v. United States*, No. CV 16-651 (RDM), 2016 WL 7664716, at *4 (D.D.C. Nov. 18, 2016). There, an allegation "that the FBI 'shared surveillance video records with 't]hird [p]arties,' including video showing the [plaintiffs] in 'various states of dress and undress, disrobing and marital relations,'" were deemed to have "no greater factual content than the allegations that the Supreme Court treated as legal conclusions in *Iqbal*." *Id.* (first two elisions in original; "[plaintiffs]" added). In *Mapp v. D.C.*, 993 F. Supp. 2d 22, 25–26 (D.D.C. 2013), an allegation that a Title VII "[p]laintiff was treated disparately compared to other similarly situated male

5

probation officers in that she was subjected to heightened scrutiny, reporting and performance standards that were not applied to those male comparators" was found too conclusory to survive the *Iqbal* standard.

The conclusory allegation here fails to provide any facts from which a claim against Fay Law Group, P.A., plausibly could be inferred.  The asserted claim must be dismissed.

### III.  Conclusion

Mr. Glenn's claims being time-barred, they must be **DISMISSED WITH PREJUDICE** with regard to Defendants Thomas Fortune Fay and Fay Law Group, P.A.

Mr. Glenn having failed to plead any cognizable claim against Fay Law Group, P.A.. Mr. Glenn's claims against Fay Law Group, P.A., must be **DISMISSED WITH PREJUDICE.**

Respectfully submitted,

                                                      FAY LAW GROUP, P.A.

                                                     _____/s/ John Vail_____
John Vail, of Counsel   (DC Bar 461512)
777 Sixth Street, NW
Suite 410
Washington, D.C.  20001
(202) 589-1300
Fax  589-1721
john@johnvaillaw.com


BOND & NORMAN LAW, P.C.

By: _____/s/ Ferris Ridgely Bond_____
Ferris Ridgely Bond (D.C. Bar 372607)

6

777 6th Street, N.W.  
Suite 410  
Washington, D.C. 20001  
202-638-4100 telephone  
202-207-1041 fax  
Ferrisbond@bondandnorman.com  


By: _____/s/ Jane Carol Norman_____  
Jane Carol Norman (D.C. Bar 384030)  
777 6th Street, N.W.  
Suite 410  
Washington, D.C. 20001  
202-638-4100 telephone  
202-207-1041 fax  
Janenorman@bondandnorman.com  


*Attorneys for Defendants Thomas Fortune Fay and Fay Law Group, P.A.*