## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAY GLENN,

    Plaintiff,

vs.

THOMAS FORTUNE FAY, *et al.,*

    Defendants.

Civil No.: 1:16-cv-02498-RCL

### ANSWER, SETOFF, AND COUNTERCLAIM OF DEFENDANTS STEVEN R. PERLES AND PERLES LAW FIRM, P.C. AND CROSSCLAIM

Defendants Steven R. Perles and Perles Law Firm, P.C. (collectively, "Defendants"), by and through undersigned counsel, hereby submit their Answer to the Complaint filed by Plaintiff, Jay Glenn, in the above-referenced matter.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and, therefore, it should be dismissed with prejudice.

### SECOND DEFENSE

Defendants respond to the individually-numbered paragraphs set forth in the Complaint as follows:

1.    Paragraph 1 of the Complaint sets forth a description of the cause of action that does not require a response from Defendants. To the extent that a response is required, Defendants deny any allegations contained in Paragraph 1 to the effect that Defendants committed a breach of contract.

2.	Defendants deny the allegations set forth in Paragraph 2 of the Complaint. Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C.  Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds.  Furthermore, the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.

3.	Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

Jurisdiction and Venue

4.	Paragraph 4 sets forth a legal contention that requires no averment from Defendants. To the extent that a response is required, Defendants do not contest the assertion of jurisdiction.

5.	Paragraph 5 sets forth a legal contention that requires no averment from Defendants. To the extent that a response is required, Defendants do not contest the assertion of venue.

Parties

6. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint, and, therefore, demands strict proof thereof.

7. With respect to the allegations set forth in Paragraph 7 of the Complaint, Defendants aver that, to the best of their knowledge, information, and belief, Fay is an attorney and citizen of Maryland.  The remainder of Paragraph 7 of the Complaint sets forth legal contentions to which no response is required.

8. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint, and, therefore, demand strict proof thereof.

9. With respect to the allegations set forth in Paragraph 9 of the Complaint, Defendants admit that Perles is an attorney.  The remainder of the allegations set forth in Paragraph 9 of the Complaint sets forth legal contentions to which no response is required.

10. Defendants deny the allegations set forth in Paragraph 10 as worded.

Background

11. Defendants deny the allegations set forth in Paragraph 11 as worded.

12. The judgment referred to in Paragraph 12 of the Complaint speaks for itself, and Defendants deny allegations inconsistent therewith.

13. Defendants deny the allegations set forth in the first sentence of Paragraph 13 of the Complaint.  Otherwise, the document referred to in Paragraph 13 of the Complaint speaks for itself, and Defendants deny any allegations inconsistent therewith.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Complaint. Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

15.     Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint, and, therefore, Defendants demand strict proof thereof.  Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

16.     Regarding the allegations set forth in Paragraph 16 of the Complaint, Defendants deny that an additional fee agreement exists.  Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint, and, therefore, they demand strict proof thereof.  Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C.  Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds.  Furthermore, the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect

to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.

17. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint, and, therefore, Defendants demand strict proof thereof. Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

18. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Complaint, and, therefore, Defendants demand strict proof thereof. Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

19. The documents referred to in Paragraph 19 of the Complaint speak for themselves, and Defendants deny any allegations inconsistent therewith. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Complaint, and, therefore, they demand strict proof thereof. Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C. Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds. Furthermore, the partnership agreement that establishes the rights and obligations of the partners

and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.  Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

20. The documents referred to in Paragraph 20 of the Complaint speak for themselves, and Defendants deny any allegations inconsistent therewith.  Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Complaint, and, therefore, they demand strict proof thereof.  Defendants deny the allegations set forth in the last sentence Paragraph 20 of the Complaint.  Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C.  Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds.  Furthermore, the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.  Defendants further aver that, to the

best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

21.  Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the Complaint and, therefore, they demand strict proof thereof, except that they deny any allegation that they never objected to Plaintiff's claim for fees.  Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C.  Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds.  Furthermore, the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.  Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

22.  With respect to the allegations set forth in Paragraph 22 of the Complaint, Defendants admit that Judge Lamberth entered default judgments on behalf of certain Plaintiffs on September 7, 2007, and Defendants admit that the Plaintiff was advised that Glenn would not be paid fees claimed by him.  Defendants deny the remaining allegations set forth in Paragraph

22 of the Complaint. Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

23. The documents referred to in Paragraph 23 of the Complaint speak for themselves, and Defendants deny any allegations inconsistent therewith.

24. The documents referred to in Paragraph 24 of the Complaint speak for themselves, and Defendants deny any allegations inconsistent therewith.

25. With respect to the allegations set forth in Paragraph 25 of the Complaint, Defendants admit that distributions had been made to certain of the Peterson Plaintiffs, and Defendants admit that, to the best of their knowledge, information, and belief, no distributions have been made to Plaintiff. Defendants deny the remaining allegations set forth in Paragraph 25 of the Complaint. Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

<u>Count I</u>

26. Defendants incorporate herein by reference their averments and responses to Paragraphs 1 through 25, above.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint. Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law

Firm, P.C.  Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds.  Furthermore, the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.  Defendants further aver that, to the best of their knowledge, information, and belief, all of the plaintiffs that Jay Glenn claims to have referred to the Peterson litigation were included in the Complaint filed in 2001, and therefore, Glenn did not refer them and any alleged agreement to pay him fees related to such referrals is not supported by consideration.

        28.       Defendants deny the allegations set forth in Paragraph 28 of the Complaint.  Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C.  Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds.  Furthermore, the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.  Defendants further aver that, to the best of their knowledge, information, and belief, all of the plaintiffs that Jay Glenn claims

to have referred to the Peterson litigation were included in the Complaint filed in 2001, and therefore, Glenn did not refer them and any alleged agreement to pay him fees related to such referrals is not supported by consideration.  Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.  Defendants further aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C.  Furthermore, any such agreement was not in writing and is barred by the Statute of Frauds.  Furthermore, the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.  Defendants further aver that, to the best of their knowledge, information, and belief, all of the plaintiffs that Jay Glenn claims to have referred to the Peterson litigation were included in the Complaint filed in 2001, and therefore, Glenn did not refer them and any alleged agreement to pay him fees related to such referrals is not supported by consideration.  Defendants further aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

## Count II

31-36. By Order dated December 18, 2017 (Document 20), the Court dismissed Count II, Plaintiff's claim for Quantum Meruit. Accordingly, no response or other averment is required to the allegations set forth in Paragraphs 31-36.

## THIRD DEFENSE

Defendants deny all allegations not specifically admitted herein.

## FOURTH DEFENSE – Affirmative Defenses

Defendants aver that Plaintiff's claims are or may be barred by the applicable statute of limitations.

Defendants aver that, to the best of their knowledge, information, and belief, Jay Glenn is not named in any of the retainer agreements with any of the plaintiffs he purports to have represented.

Defendants aver that the alleged oral agreement was not in writing and that it is barred under the Statute of Frauds.

Defendants aver that Plaintiff's claims are or may be barred by the doctrine of laches.

Defendants aver that Plaintiff's claims are or may be barred, in whole or part, by the failure of privity.

Defendants aver that Plaintiff's claims are or may be barred, in whole or part, by the doctrine of estoppel.

Defendants aver that Plaintiff's claims are or may be barred, in whole or part, by the doctrine of waiver.

Defendants aver that, to the best of their knowledge, information, and belief, all of the plaintiffs that Jay Glenn claims to have referred to the Peterson litigation were included in the Complaint filed in 2001, and therefore, Glenn did not refer them and any alleged agreement to pay him fees related to such referrals is not supported by consideration.

Defendants aver that Plaintiff's claims are or may be barred, in whole or part, by the failure of consideration.

Defendants aver that Jay Glenn is Thomas Fay's brother-in-law, that any promises made to Glenn or agreements entered into with Glenn regarding referral fees (the 11.11% referred to in the Complaint) were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership, Steven Perles, or Perles Law Firm, P.C.

Defendants aver that the partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Jay Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*.

**<u>SETOFF</u>**

1. Glenn claims fees in connection with funds recovered on behalf of the Peterson plaintiffs for whom he did damages work and for those plaintiffs that he contends he referred into the Peterson litigation and for which he claims he is entitled to a fee based on the recoveries realized by such plaintiffs.

2.	The recoveries realized by any of the plaintiffs for whom Glenn claims to have performed damages work or for those plaintiffs that Glenn claims to have referred into the Peterson litigation were the result, in part, of the work of attorneys who pursued enforcement of the judgments rendered in favor of those Peterson plaintiffs ("Enforcement Attorneys").  The funds obtained by the Enforcement Attorneys and others have been deposited in to a qualified settlement fund ("QSF").  The QSF constitutes a common fund that benefited all those receiving payments therefrom.

3.	Fees have been paid to and will in the future be paid to Enforcement Attorneys for their work in enforcing the judgments of the Peterson plaintiffs, and the fees paid to the Enforcement Attorneys reduced the amount of the fees payable to other attorneys, including Defendants Steven R. Perles and Perles Law Firm, P.C.

4.	To the extent that Glenn is adjudged to be entitled to fees from the common fund or otherwise based on recoveries realized by the Peterson plaintiffs for whom he did damages work and/or for plaintiffs that he claims to have referred into the Peterson litigation, then any monetary judgment rendered in favor of Glenn in this regard, must be reduced by the amount that the fees recovered by Defendants Steven R. Perles and Perles Law Firm, P.C. were reduced as a result of the fact that Glenn's fees were not reduced with respect to the fees paid to the Enforcement Attorneys in connection with the Peterson plaintiffs for whom Glenn claims to have performed damages work and/or for those plaintiffs that Glenn claims to have referred.

## **COUNTERCLAIM**

1.	Glenn claims fees in connection with funds recovered on behalf of the Peterson plaintiffs for whom he did damages work and for those plaintiffs that he contends he referred

into the Peterson litigation and for which he claims he is entitled to a fee based on the recoveries realized by such plaintiffs.

2. The recoveries realized by any of the plaintiffs for whom Glenn claims to have performed damages work or for those plaintiffs that Glenn claims to have referred into the Peterson litigation were the result, in part, of the work of attorneys who pursued enforcement of the judgments rendered in favor of those Peterson plaintiffs ("Enforcement Attorneys"). The funds obtained by the Enforcement Attorneys and others have been deposited in to a qualified settlement fund ("QSF"). The QSF constitutes a common fund that benefited all those receiving payments therefrom.

3. Fees have been paid to and will in the future be paid to Enforcement Attorneys for their work in enforcing the judgments of the Peterson Plaintiffs, and the fees paid to the Enforcement Attorneys reduced the amount of the fees payable to other attorneys, including Defendants Steven R. Perles and Perles Law Firm, P.C.

4. To the extent that Glenn is adjudged to be entitled to fees from the common fund or otherwise based on recoveries realized by the Peterson plaintiffs for whom he did damages work and/or for plaintiffs that he claims to have referred into the Peterson litigation, then Glenn is indebted to Defendants Steven R. Perles and Perles Law Firm, P.C. for the amount that their fees were reduced as a result of the fact that Glenn's fees were not reduced with respect to the fees paid to the Enforcement Attorneys in connection with the Peterson plaintiffs for whom Glenn claims to have performed damages work and/or for those plaintiffs that Glenn claims to have referred.

## CROSSCLAIM AGAINST THOMAS FORTUNE FAY, ESQUIRE

1. Defendants Steven R. Perles and Perles Law Firm, P.C. (collectively, "Crossclaim Plaintiffs") bring this Crossclaim against Defendant Thomas Fortune Fay, Esquire ("Fay") pursuant to Fed. R. Civ. P. 13(g).

2. Plaintiff, Jay Glenn, claims entitlement to fees in connection with agreements that he purportedly entered into with Fay. Glenn alleges that Fay orally promised that Glenn would receive fees in connection with plaintiffs that Glenn allegedly referred to the Peterson litigation.

3. Defendants deny that Glenn is entitled to the fees claimed in this case.

4. Glenn Fay's brother-in-law. Any promises made to Glenn or agreements entered into with Glenn were made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership or Steven Perles, or Perles Law Firm, P.C.

5. The partnership agreement that establishes the rights and obligations of the partners and the partnership with respect to the Fay & Perles FSIA Litigation Partnership requires unanimous consent for the creation of any contracts, and unanimous consent was not obtained with respect to contracts with Glenn, and therefore any alleged contracts were without authority, were not properly formed, and are void *ab initio*. To the extent that Glenn establishes that Fay entered into such a contract with Glenn, then Fay is solely responsible for such contract and any damages arising out of them.

## COUNT I – INDEMNIFICATION

6. Crossclaim Plaintiffs reallege and incorporate herein by reference the averments and allegations set forth above in paragraphs 1 through 5 of this Crossclaim.

7. Fay did not have authority, permission, or approval of Crossclaim Plaintiffs to enter into agreements with Glenn with respect to the payment of referral fees.

8. Any agreement that Fay entered into with Glenn with respect to the payment of referral fees was made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership or Steven Perles, or Perles Law Firm, P.C.

9. To the extent that a judgment is entered against either of the Crossclaim Plaintiffs in favor of Glenn in connection with any agreement regarding the payment of referral fees, then the Crossclaim Plaintiffs are entitled to full indemnification from Fay with respect to any such judgment.

10. Crossclaim Plaintiffs are also entitled to indemnification from Fay with respect to all costs and attorney fees that they have incurred in connection with the defense of the claims arising out of the alleged referral agreement.

WHEREFORE, Crossclaim Plaintiffs demand judgment in their favor for indemnification against Fay.

## COUNT II – WRONGFUL INVOLVEMENT IN LITIGATION

11. Crossclaim Plaintiffs reallege and incorporate herein by reference the averments and allegations set forth above in paragraphs 1 through 10 of this Crossclaim.

12. Fay did not have authority, permission, or approval of Crossclaim Plaintiffs to enter into agreements with Glenn with respect to the payment of referral fees.

13. Any agreement that Fay entered into with Glenn with respect to the payment of referral fees was made solely on a familial basis by Fay to his brother-in-law, were made without the knowledge, authorization, approval, or ratification of the answering Defendants, and are not binding on the Fay & Perles FSIA Litigation Partnership or Steven Perles, or Perles Law Firm, P.C.

14. Glenn's lawsuit was caused by Fay's unauthorized actions. Crossclaim Plaintiffs have been wrongfully involved in this lawsuit because of Fay's actions and have been forced to incur attorney fees and costs in defending against the claims in this case.

15. Crossclaim Plaintiffs have been damaged as a result of their involvement in this lawsuit, including, among other things, by incurring costs and attorney fees in the defense of the claims in the lawsuit.

WHEREFORE, Crossclaim Plaintiffs demand judgment in their favor against Fay for wrongful involvement in litigation and demand damages in an amount to be determined at trial.

Respectfully submitted,

BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By: _____/s/ Geoffrey T. Hervey_____
Geoffrey T. Hervey #415907

7315 Wisconsin Avenue
Suite 800 West
Bethesda, Maryland 20814
(301) 656-2707 – telephone
(301) 961-6525 – facsimile
dbregman@bregmanlaw.com
ghervey@bregmanlaw.com

*Counsel for Defendants Steven Perles
and Perles Law Firm*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Answer, Setoff, and Counterclaim and Crossclaim was filed electronically via the Court's ECF system on January 2, 2018 and were served electronically at that time on all counsel of record, all of whom are registered to receive filings via the Court's ECF system.

_____/s/ Geoffrey T. Hervey _____