# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Jay Glenn**
                  **Plaintiff**

       **v.**                              **No. 15-cv-02498-RCL**

**Thomas Fortune Fay,** *et al.*

                  **Defendants**

### ANSWER OF DEFENDANT THOMAS FORTUNE FAY

COMES NOW Defendant, Thomas Fortune Fay, by and through counsel and in Answer to Plaintiff's Complaint, states: to answer the Plaintiff's Complaint individually as follows:

### NATURE OF ACTION

1. Paragraph One contains no allegations for Defendant to admit or deny. To the extent a response is required, Defendant denies he committed any alleged tort.

2. Defendant admits that a written agreement was entered into between Plaintiff and Fay & Perles that is attached to Plaintiff's Complaint as Exhibit 1. Defendant denies all allegations in paragraph two of Plaintiff's Complaint that are inconsistent with the written agreement.

3. Defendant denies the allegations contained in paragraph three of Plaintiff's Complaint.

### JURISDICTION AND VENUE

4. Paragraph four contains no allegations for Defendant to admit or deny. To the extent a response is required, Defendant does not contest any jurisdictional averments.

5. Paragraph five contains no allegations for Defendant to admit or deny. To the extent a response is required, Defendant does not contest any venue averments.

## PARTIES

6. Defendant has insufficient information to admit or deny the allegations set forth in paragraph six and therefore demands strict proof thereof.

7. Defendant admits he is an attorney and citizen of Maryland. Defendant denies all remaining allegations in Paragraph seven.

8. Defendant admits that the principal place of business for Fay Law Group, P.A. is in the District of Columbia. Defendant denies all remaining allegations in paragraph eight.

9. Defendant has insufficient information to admit or deny the allegations contained in paragraph nine.

10. Defendant denies the allegations in paragraph ten as worded.

## BACKGROUND

11. Defendant admits the allegations in paragraph eleven.

12. Defendant admits that Judge Royce C. Lamberth entered a default judgment on May 20, 2003. The judgement speaks for itself and Defendant denies allegations contained in paragraph 12 that are inconsistent with the terms of the judgement.

13. Defendant admits that a written agreement was entered into between Plaintiff and Fay & Perles that is attached to Plaintiff's Complaint as Exhibit 1. Defendant denies all allegations in paragraph thirteen that are inconsistent with the written agreement.

14. Defendant denies allegations in paragraph fourteen as Fay and Perles did not refer any its clients to be represented by Plaintiff.

15. Defendant denies the allegations in paragraph fifteen as Fay and Perles was already aware of all clients contacted by Plaintiff.

16. Defendant denies the allegations in paragraph sixteen as the only agreement entered into between Fay and Perles and Plaintiff is attached to Plaintiff's Complaint as Exhibit One.

17. Defendant denies the allegations in paragraph seventeen as Plaintiff, individually, did not enter into contingency fee agreements with any clients; and Plaintiff did not enter into contingency fee agreements with forty additional clients on behalf of Fay and Perles.

18. Defendant denies the allegations in paragraph eighteen as unfounded, and inconsistent with the written contingency fee agreements between Fay and Perles and their clients.

19. Defendant denies the allegations in paragraph nineteen as no other agreement was entered into between Fay and Perles and Plaintiff other than the written agreement that is attached to Plaintiff's Complaint as Exhibit 1.

20. Defendant denies the allegations in paragraph twenty as he did not receive the communications alleged, and said communications are inconsistent with the written agreement that is attached to Plaintiff's Complaint as Exhibit 1.

21. Defendant denies the allegations in paragraph twenty-one as Plaintiff did not individually represent any clients, and Defendant did not receive the alleged communications.

22. Defendant admits that Judge Lamberth entered a judgment on September 7, 2007. The judgment speaks for itself and any allegations in paragraph twenty-two that are inconsistent with the judgment are denied. Further, all remaining allegations in paragraph twenty-two are denied as the only agreement entered into between Fay and Perles and Plaintiff is attached to Plaintiff's Complaint as Exhibit 1.

23. Defendant admits that Judge Katherine B. Forrest entered an order on July 9, 2013. The order speaks for itself and any allegations in paragraph twenty-three inconsistent with the order are denied.

24. Defendant admits that an order was entered on June 6, 2016. The order speaks for itself, and all allegations in paragraph twenty-four inconsistent with it are denied.

25. Defendant admits that a partial distribution has been made, but denies all remaining allegations in paragraph twenty-five.

## COUNT I

26. Defendant incorporates all averments, denials, and admissions set forth in paragraph 1-25 above.

27. Defendant admits that a written agreement was entered into between Plaintiff and Fay & Perles that is attached to Plaintiff's Complaint as Exhibit 1. Defendant denies all allegations in paragraph twenty-seven that are inconsistent with the written agreement.

28. Defendant denies the allegations in paragraph twenty-eight as Plaintiff did not perform his obligations under the written agreement attached to Plaintiff's Complaint as Exhibit 1, and no other agreement was entered into by the parties.

29. Defendant denies the allegations in paragraph twenty-nine as Plaintiff did not individually represent any clients; Plaintiff failed to perform under the written agreement that is attached to Plaintiff's Complaint as Exhibit 1; and no other agreement was entered into by the parties. .

30. Defendant denies the allegations in paragraph thirty.

## COUNT II

31. The allegations in paragraph thirty-one do not require a response as Count II has been dismissed.

## AFFIRMATIVE DEFENSES

The Defendant, Thomas Fay, is asserting the following defenses to the Plaintiff's breach of Contract Claim:

1. Failure of Consideration;

2. Estoppel;

3. Statute of Limitations;

4. Statute of Frauds;

5. Fraud;

6. Laches;

## SET-OFF

The Defendant claims a set-off in any amount awarded to the Plaintiff in this case. The Peterson Litigation required for many other attorneys, including enforcement attorneys to be hired and contracted for part of the total attorney fee. The Defendant benefited from the performance of all the other attorneys, especially the enforcement attorneys, in the Peterson Litigation and any award should be set-off by these additional fees.

FAY LAW GROUP, P.A.

Date: January 2, 2018                _____/S/_____
                                     Caragh Fay #16955
                                     777 6th Street, NW
                                     Suite 410
                                     Washington, DC 20001

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing Answer was filed electronically via the Court's ECF system on January 2, 2018, and was served electronically at that time on all counsel of record, all of whom are registered to receive filing via the Court's ECF system.

                                     _____/S/_____
                                     Caragh Fay