**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAY GLENN, | No. 16-cv-02498-RCL |
|        Plaintiff, | |
| | **JOINT CONFERENCE REPORT** |
|   - against - | |
| THOMAS FORTUNE FAY, et al., | |
|        Defendants. | |

Counsel for Plaintiff, Jay Glenn ("Glenn"), and Counsel for Defendants, Thomas Fay ("Fay"), Steven R. Perles, and Perles Law Firm P.C. (together, the "Perles Defendants"), held a conference on January 25, 2018, at 5:30 p.m., pursuant to Local Civil Rule 16.3 and Rule 26(f), and have since conferred by e-mail.

Edward M. Dolido and Jeffrey Chubak of Storch Amini PC attended the conference on behalf of Glenn; John Vail and Timothy Altemus of Fay Law Group, P.A. attended on behalf of Fay; and Douglas Bregman and Geoffrey T. Hervey of Bregman, Berbert, Schwartz & Gilday, LLC attended on behalf of the Perles Defendants.

An agreed proposed form of scheduling order is annexed hereto.

**REPORT ON MATTERS TO BE DISCUSSED UNDER LCvR 16.3(c)**

1.  **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Defendants have already moved to dismiss the Complaint, which motions were granted in part but denied insofar as they sought relief with respect to Glenn's breach of contract claims, by Order and Memorandum Opinion, entered December 18, 2017. The parties agree discovery should not be stayed.

2.      **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

In the event that the parties seek to add parties or amend pleadings, the parties agree to do so no later than forty-five days before the close of discovery, as determined by the Court.

3.      **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to assignment of this case to a magistrate judge.

4.      **Whether there is a realistic possibility of settling the case.**

The parties are open to settlement discussions, but at this time they believe settlement is not likely.

5.      **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree that this case could benefit from mediation and have discussed doing so before a Magistrate Judge following the close of discovery.

6.      **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe there is a reasonable possibility of determining some portion of the case by motion for summary judgment.  The parties propose that summary judgment motions be filed no later than:

| | |
|---|---|
| Summary judgment motions: | 45 days after the close of discovery |
| Oppositions to same: | 45 days after filing of summary judgment motions |
| Replies in support: | 30 days after filing oppositions |

7.    **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties believe that initial disclosures will facilitate discovery and expedite this case.

The parties agree that initial disclosures shall be exchanged simultaneously on February 23, 2018.

8.    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

The parties agree that fact discovery should commence following entry of a scheduling order under Rule 16(b)(1), and last until November 2, 2018.  The parties are engaged in discussions concerning the propriety of a protective order herein, and will advise the Court if agreement is reached concerning whether such an order should be entered and the form of the same.

9.    **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree to exchange documents in electronic format.  If voluminous documents are to be produced, a load file (in Concordance format) will be provided.  Any party upon reasonable request will produce specific documents in native file format.  Paper documents will be scanned and produced in searchable PDF format (paper documents will be made available for review upon reasonable request).

10.   **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agree that an order under Rule 502(d) would be appropriate, and have proposed that relief thereunder be granted in the annexed proposed scheduling order.

11.    **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties do not presently anticipate that expert discovery is needed in this case.

12.    **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The parties agree that this provision is not applicable to this case.

13.    **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that trial and discovery should not be bifurcated or managed in phases, except that the parties agree that depositions should not occur before documents are produced pursuant to the respective parties' first requests for documents.

14.    **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that a pretrial conference should be held at the Court's earliest convenience following resolution of any summary judgment motions made after the close of discovery as provided in Paragraph 6, above.

15.    **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that a trial date should be set at the pretrial conference at the earliest date convenient to the Court at which the parties' witnesses may be available.

16.    **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

There are no such additional matters of which the parties are aware at this time.

## REPORT ON ADDITIONAL MATTERS UNDER FED. R. CIV. P. 26(f)(3)

**Subdivision (B).  The parties' views and proposals on the subjects on which discovery may be needed.**

The parties intend to take discovery concerning the terms of the parties' agreements and

their performance thereof.

Dated: February 8, 2018                                    Respectfully submitted,

                                                   /s/ Bijan Amini
                                                   Bijan Amini
                                                   STORCH AMINI PC
                                                   *Attorneys for Plaintiff Jay Glenn*
                                                   140 East 45th Street, 25th Floor
                                                   New York, New York 10017
                                                   Tel: (212) 490-4100
                                                   Fax: (212) 490-4208
                                                   bamini@storchamini.com

                                                   /s/ John Vail
                                                   John Vail
                                                   Timothy Altemus
                                                   FAY LAW GROUP, P.A.
                                                   *Attorneys for Defendant Thomas Fay*
                                                   777 Sixth Street, N.W., Suite 410
                                                   Washington, D.C. 20001
                                                   Tel: (202) 644-8854
                                                   Fax: (202) 589-1721
                                                   jvail@faylawgroup.com
                                                   taltemus@faylawgroup.com

                                                   /s/ Geoffrey T. Hervey
                                                   Douglas Bregman
                                                   Geoffrey T. Hervey
                                                   Heather Kafetz
                                                   BREGMAN, BERBERT, SCHWARTZ &
                                                        GILDAY, LLC
                                                   *Attorneys for Defendants Steven R. Perles
                                                   and Perles Law Firm P.C.*
                                                   7315 Wisconsin Avenue, Suite 800 West
                                                   Bethesda, Maryland 20814
                                                   Tel: (301) 656-2707
                                                   Fax: (301) 961-6525
                                                   dbregman@bregmanlaw.com
                                                   ghervey@bregmanlaw.com
                                                   hkafetz@bregmanlaw.com