# Exhibit B to Declaration of Steven G. Storch

# STORCH AMINI PC

**Steven G. Storch**
**MEMBER NY & IL BARS**

212.497.8216
sstorch@storchamini.com

March 16, 2018

**<u>Via E-mail</u>**
John Vail
John Vail Law PLLC
777 6th St NW, Suite 410
Washington DC 20001
john@johnvaillaw.com

Geoffrey T. Hervey
Bregman, Berbert, Schwartz & Gilday, LLC
Suite 800 West
7315 Wisconsin Avenue
Bethesda, MD 20814
ghervey@bregmanlaw.com

Re:   *Glenn v. Fay et al.*, Case No. 1:16-cv-02498-RCL

Dear Messrs. Vail and Hervey:

    We write pursuant to LCvR 7(m) to request your consent before moving for a status conference before Judge Lamberth in order to discuss the procedural posture of this action in light of both the February 16, 2018, decision of the United States Court of Appeals for the D.C. Circuit in *Peterson v. Islamic Republic of Iran*, No. 01-cv-2094-RCL (D.D.C.) (the "*Peterson* Action"), and the pending motions in the Southern District of New York "Turnover Proceeding" before Judge Forrest, *Peterson v. Islamic Republic of Iran*, No. 10-civ-4518 (KBF) (S.D.N.Y.).[1] As you are aware, the next round of fees owed to your clients, on top of the millions they have already been paid, are in the QSF Trust awaiting a decision from Judge Forrest.

    The D.C. Circuit strongly implied that equitable relief could be available to Glenn when it noted that "[a]ffirmance that Glenn ... ha[s] no attorney's charging liens against the portion of the judgment flowing to Plaintiffs simply does not address whether their claims are secured vis-à-vis Fay & Perles . . . We do not understand the district court to have broadly foreclosed any and all equitable grounds on which Glenn's ... claims—or, indeed, those of any other lawyers similarly situated—might be secured pending resolution of their merits. . . . [W]e have full confidence that the district court, imbued as it is with considerable equitable powers, can continue to guide whatever portion of the lawyers' dispute remains before it to a fair and efficient resolution."

    While we believe that there are good grounds to seek equitable relief pursuant to the D.C. Circuit decision, we are hesitant to make such application before Judge Lamberth while the issue of disbursement is before Judge Forrest, who has not yet determined whether the QSF Trustee will

---

[1] As you know, we had previously filed a Joint Conference Report on February 8, 2018 (Docket No. 32), with an attached proposed scheduling order that the Court has yet not entered.

John Vail
Geoffrey T. Hervey
March 16, 2018
Page 2

be directed to disburse the disputed funds to your clients, or whether to permit the QSF Trustee to be joined in this action, as stakeholder, while the right to the funds is determined.

Meanwhile, as the D.C. Circuit noted, you have acknowledged your clients' ethical obligation to hold the disputed funds pending adjudication of Glenn's entitlement thereto, and that could obviate the motion pending before Judge Forrest, or the need to seek relief from Judge Lamberth, but we have discussed that issue and you have refused to confirm that your clients are, in fact, committed to holding in escrow the full disputed amount.

Under these circumstances, we are hopeful that the Court can help us chart a path that adequately protects all parties' interests. The request for a conference is to be made by motion; please let us know by close of business today, Friday, March 16, if your client consents to our filing an unopposed motion for a conference to discuss these issues.

Very truly yours,

Steven G. Storch