# EXHIBIT SEVENTEEN

Law Offices
# FAY & PERLES
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
Tel. 202/589-1300
Fax 202/589-1721
April 6, 2009
*By E-Mail*

Jay Glenn, Esq.
2275 Half Day Road
Bannockburn, IL 60015

    Re:    Peterson v. Iran
                United States District Court
                For The District Of Columbia
                Civil Action #01-2094

Dear Jay:

      This letter is a follow up to our telephone conversation on Wednesday, April 1, 2009. At that time you essentially set forth what is described in the document dated March 31, 2009, with the inscription "DRAFT" in red on each page, addressed to "VICTIMS OF IRANIAN SPONSORED TERRORISM, PETERSON PLAINTIFF'S, JENCO FAMILY," a copy of which is attached.

      I, Steve Perles and David Cook are appreciative of the time, counsel, diligence, effort and energy which you have expended on the Peterson case. This office entered into an Agreement with you on June 13, 2003, under the terms of which you were employed as "Associate Counsel for representation of each client in the prosecution of Clients claims for compensatory damages." You were employed by this firm and not by any of our clients. Attached to the Agreement was a list of the clients you were to serve in the prosecution of their claims for compensatory damages. The only additional assistance requested from you was to act as local counsel in the United States District Court For The Northern District Of Illinois in the collection phase of the case. Other than as local counsel you have not been retained in the collection phase of this case.

      Your work in the Peterson case on compensatory damages was concluded with the entry of judgment on September 7, 2007, and your work was represented in the award for damages issued by Judge Lamberth.

      I will obtain substitute local counsel in the collection proceedings in the United States District Court For The Northern District Of Illinois during the week of April 6,

-2-

2009, concluding that aspect of your appearance in the Peterson case. Please do not contact our clients after April 6, 2009.

I am uncertain from our communications whether you have attempted to contact or have contacted persons you deem to be included in the "VICTIMS OF IRANIAN SPONSORED TERRORISM" category who are represented by counsel other than those in this firm. In making any such contact you were not acting for, in the interest of, or even with the consent of, this firm. Please tell any such persons with whom you have communicated that you in no way have authority from this firm or any member of this firm to contact them. I am concerned that any such contacts will be viewed as a violation of the Rules of Professional Conduct. The attorneys who have been successful in pursuing Foreign Sovereign Immunity Act terrorism cases are very few in number and most, if not all, are known to Steve and myself. We have been very careful to avoid any act which might be construed as an attempt to solicit their clients.

Please remember that any communication from you which adversely comments upon the collection activities to date will be picked up by the other side and used against us to prevent collection. It would be worthwhile to remember that every cent which has been collected to date from Iran for American victims of terrorism was possible because of three statutes which passed with our work. Most of the text was in fact written by us. The first collection was in our Flatow case. The pace at which collection is going forward in the Peterson case is faster than the collection process in the Flatow, Eisenfeld, Duker, Jenco and Beecham cases. In all of these cases all compensatory damages were collected. In my opinion an attempt to collect the judgment amount from United States Treasury funds received as sanctions will result in no collection at all. It may be used to categorize our efforts as a raid on the United States Treasury.

As you are in fact the attorney representing the Estate of Father Lawrence Martin Jenco, I offer no advice or suggestions. You might pass on to the Jenco family that we were not successful in collecting the punitive damages for the Flatow, Eisenfeld and Duker families through litigation in Europe. No proceedings are pending at this time. You have my best wishes in attempting to enforce the punitive damages judgment for the Jenco family.

Thank you,

_____
Thomas Fortune Fay

TFF/pc

CC: Steven R. Perles, Esq.
     David Cook, Esq.